Dear Mr. Montgomery,
You have requested an opinion as to whether the Louisiana Agricultural Finance Authority ("LAFA") must first obtain approval from the State Bond Commission ("SBC") before guaranteeing or insuring agricultural loans.
Our office recently issued La. Atty. Gen. Op. No. 08-0258, wherein we opined that the State Market Commission must seek State Bond Commission approval before guaranteeing debts of others but not before making loans as authorized by La.R.S. 3:436.4(A). Shortly after that opinion was released, the Louisiana Legislature enacted Act No. 24 of the 2009 Regular Session. This Act combined the State Market Commission and LAFA and transferred all employees, property, facilities, funds, appropriations, and business owned or conducted by the State Market Commission to LAFA.
Act 510 of the 2009 Regular Session of the Louisiana Legislature amended statutes relating to LAFA. The portions of the new law relevant to the power of LAFA to guarantee loans are found in La.R.S. 3:266(13) and La.R.S. 3:383.1.
La.R.S. 3:266(13) gives LAFA the authority to "[m]ake and guarantee agricultural loans and purchase or sell agricultural loans."
La.R.S. 3:283.1 provides in pertinent part:
 § 283.1. Loans and guarantees for agricultural plants A. As part of the authority's participation in cooperative endeavors, the authority may: *Page 2 
 (1) Loan funds to any person to be expended to acquire, construct, furnish, equip, make necessary improvements to, or purchase land for any agricultural plant will be occupied by that person, under rules and regulations adopted by the authority. The loan shall not exceed seventy-five percent of the value of the property offered as security pursuant to a first mortgage. The minimum execution requirement by the borrower of a note is to be secured by a first mortgage on the property being acquired or constructed and payable to the authority within the time and under the terms and conditions together with additional endorsements as may be required by the authority.
 (2) Loan to any person funds for operating capital, market development, and product inventories under rules and regulations adopted by the authority. The loan shall not exceed seventy-five percent of the value of the property offered as security pursuant to a first mortgage. The minimum execution requirement by the borrower of a note or notes is to be secured by a first mortgage on property, including product inventories and accounts receivable from the sale of inventories, under the terms and conditions as may be required by the authority.
 (3) Guarantee funds, on an interim or long-term basis, for an amount to be expended to acquire, construct, furnish, equip, make necessary improvements to, or purchase land for, any agricultural plant for any loan made by any lending institution to any person approved by the authority, provided that whenever the authority guarantees the payment of the loan, the authority shall make and enter into a guarantee agreement with the lending institution and the borrower setting forth the terms and conditions under which the authority is obligated and the extent to which repayment of the loan is guaranteed and secured. Each loan guaranteed by the authority shall be secured by a first mortgage on property. Whenever the authority enters into a loan guarantee agreement, the authority may impose and collect an origination fee not to exceed one percent of the amount of the loan guaranteed.
 (4) Guarantee funds, on an interim or long-term basis, to any person for operating capital, market development, and product inventories, under rules and regulations adopted by the authority. The minimum execution requirement by the borrower of a note or notes is to be secured by a first mortgage on property, including product inventories and accounts receivable from the sale of inventories, under the terms and conditions as may be required by the authority.
For the reasons set forth in La. Atty. Gen. Op. No. 08-0258, it is the opinion of this office that LAFA must obtain State Bond Commission approval prior to *Page 3 
making guarantees. LAFA does not, however, have to obtain State Bond Commission approval prior to making loans pursuant to La.R.S. 3:283.1 because the loans do not result in LAFA incurring debt.
As pointed out in La. Atty. Gen. Op. No. 08-0258, the fact that LAFA is authorized to make guarantees does not mean that it is authorized to do so by or through methods or means other than those which are prescribed for it by law. Article VII, § 8(B) of the Louisiana Constitution of 1974 provides that State Bond Commission approval must be obtained when a state agency, such as the Louisiana Department of Agriculture and Forestry, issues an obligation through LAFA. It provides:
 No bonds or other obligations shall be issued or sold by the state, directly or through any state board, agency, or commission, or by any political subdivision of the state, unless prior written approval of the bond commission is obtained.
It is the opinion of this office that a guarantee is a contingent obligation. Although becoming responsible for the debt is contingent upon the original debtor defaulting, by guaranteeing the debts of others, LAFA, and through it the State, assumes a contingent liability.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt